J. M. Read, for plaintiff.

This is an action brought on a judgment obtained by the plaintiff against the defendant in June, 1827, in the circuit court of the United States for the district of Delaware. The defendant pleads "nil debet," to which plea the plaintiff demurs, and the defendant joins in the demurrer. The question is whether nil debet is a good plea to an action of debt upon the judgment rendered as above. An action of debt lies on a judgment within or after a year subsequent to the recovery. 1 Chit. Pl. (Ed. 1809) 103. Action of debt lies on records, or on judgments, &c. Where the record is the ground of the action, and not merely inducement, nil debet is no plea. 2 Ld. Raym. 1501–1503; Wheatley v. Lane, 1 Saund. 218, note 4; 1 Chit. 480. There can be no averment of record or its validity. This is the case of a judgment in the circuit court of the United States, and an action of debt on it in another. Const. U. S. art. 4, § 1; Acts Cong. May 26, 1790 [1 Stat. 122], and March 27, 1804 [2 Stat. 298]. The courts of the United States regard a judgment in another circuit as one county in Pennsylvania would regard a judgment in another. Armstrong v. Carson's Ex'rs [Case No. 543]; Green v. Sarmiento [Id. 5,760]; Field v. Gibbs [Id. 4,766]; Mills v. Duryee, 7 Cranch [11 U. S.] 486; Johnson v. Dessont [Id. 486]; Hampton v. M'Connell, 3 Wheat. [16 U. S.] 234; Montford v. Hunt [Case No. 9,725]; Bryant v. Hunter [Id. 2,068]; Biddle v. Wilkins, 1 Pet. [26 U. S.] 686, 692; Mayhew v. Thatcher, 6 Wheat. [19 U. S.] 129. On a general demurrer nil debet is a bad plea, however it might be if issue had been taken upon it. Judgments in sister states are not to be taken as foreign judgments. Benton v. Burgot, 10 Serg. & R. 240; Evans v. Tatem, 9 Serg. & R. 252, 259. In New York they have come to the same conclusion. In Massachusetts, unsettled. Act March 3, 1797, § 6; 1 Story's Laws, 465 [1 Stat. 513]. This is the case of an action of debt simply and directly on the judgment, not the case of a devastavit, or where the judgment is mere inducement. The cases cited were of judgments against the party in his lifetime, but the principle is the same if against an executor or administrator. The judgment should have the same effect here as in the district where it was rendered. This principle does not apply to liens on lands, or distribution of effects. 1 Saund. 336; Tidd, Prac. tit. "Form of a Judgment against an Executor," 186. This judgment is conclusive as to assets. People v. Judges of Ct. of C. P. Erie Co., 4 Cow. 445, 447; Swearingen v. Pendleton, 4 Serg. & R. 389; 1 Rolle, Abr. 603, pl. 2; 2 D'Anv. Abr. 503; 1 Litt. 404; 2 Hayes, 301; 9 Serg. & R. 259.

Mr. Ingraham, for defendant.

No case has been cited where the judgment was against an executor or administrator. The act of congress relates to judgments in the state courts, not to the court of the United States. Montford v. Hunt [supra]. The party there took his chance. In Mayhew v. Thatcher, 6 Wheat. [19 U. S.] 129, the only question was, whether it was necessary to execute a writ of inquiry. Carpenter v. Thornton, 3 Barn. & Ald. 52. If this suit had been brought in the circuit court of Delaware, would this plea have been good? Toll. Ex'rs (Ingraham's Ed.) 455; 2 Ld. Raym. 1502; Burnet v. Andrews, 1 Saund. 219; 2 Tidd, Prac. (8th Ed.) 1113; 2 Rand. (Va.) 303. No objection made to the plea.

Mr. Read replies, in conclusion.

Judgment on the demurrer for the plaintiff.

---

REED (SELLON v.). See Case No. 12,646.

---

## Case No. 11,653.

REED v. The TELOS.

[Cited in The General Sheridan, Case No. 5,-319. Nowhere reported; opinion not now accessible.]

---

REED (UNITED STATES v.). See Cases Nos. 16,134–16,136.

REED (VOSE v.). See Case No. 17,011.

REED (WILLIAMS v.). See Case No. 17,733.

REEDER (CRANE v.). See Case No. 3,356.

---

## Case No. 11,654.

REEDER v. The GEORGE'S CREEK.

[3 Hughes, 584;[1] 3 Am. Law Reg. 232.]

District Court, D. Maryland. Dec. Term, 1854.

MARITIME LIENS—FOR NECESSITIES—PRIOR MORTGAGE.

Liens founded upon the necessities of vessels in foreign ports are never displaced by mortgage-titles recorded in home ports.

[Cited in Srodes v. The Collier, Case No. 13,-272; The Raleigh, Id. 11,539; The General Burnside, 3 Fed. 231.]

Libel in rem by [Charles Reeder, Jr.] a materialman [against the steamship George's Creek] for repairs to ship.

This case was argued and submitted to the court upon the following statement of facts: The steamer George's Creek belongs to the port of New York, and on the 24th of December, 1853, she was mortgaged by her owners to Messrs. Knapp & Stacey, of New York, to secure the payment of $30,000. The said mortgage was duly recorded in the office of the collector of customs at the port of New York, in which office the said steamer was enrolled, and also in the office of the register of conveyances for the city of New York. Under the control and in the employment of her owners she made frequent trips

---

[1] [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]